UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES D. DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CV-8-TAV-HBG |
| | ) |
| ANDERSON COUNTY, TN, | ) |
| SOUTHERN HEALTH PARTNERS, | ) |
| STATE OF TENNESSEE, | ) |
| SHERIFF BARKER, | ) |
| CHIEF PARKER, | ) |
| CAPTAIN VOWELL, | ) |
| LT. FENTON, | ) |
| SGT. HARTSFIELD, | ) |
| CORPORAL ROBERTS, | ) |
| DEPUTY ALLEN, | ) |
| NURSE MATTHEWS, and | ) |
| NURSE HUDSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This pro se prisoner's amended complaint for violation of 42 U.S.C. 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 10].

### I. BACKGROUND AND ALLEGATIONS OF COMPLAINT

This § 1983 action was initiated as a multi-plaintiff lawsuit [Doc. 1]. On January 7, 2020, the Court severed the multi-plaintiff action and opened the instant civil action [Doc. 8 p. 2]. In the order severing the lawsuits, the Court ordered Plaintiff to complete a § 1983 form and return it to the Court within fourteen (14) days [*Id*.]. On January 14, 2020, the Court received Plaintiff's amended complaint [Doc. 10].

Plaintiff alleges that in October 2018, while housed at the Anderson County Detention Facility ("ACDF"), he requested emergency medical care for dental treatment via the facility's kiosk system [Doc. 7 p. 2, 5; Doc. 10 p. 3-4].[1]  Plaintiff claims that he was unable to eat or drink very much during that time, and that he was in agonizing pain from an infection [Doc. 10 p. 4].  Plaintiff alleges that he made a verbal request for treatment, which resulted in an unnamed nurse placing him on the list to see the dentist [*Id*.].  Plaintiff contends that although the facility claims that "all patients are seen [by the dentist] every 30 days," he was not seen by medical personnel or treated [*Id*.].  Plaintiff alleges that by January 2019, no one had attempted to treat his dental condition, which resulted in "infections, loss of bone, and life[-]threatening conditions" [Doc. 7 p. 3]  In fact, he claims, his October 2018 medical request was not answered until November 25, 2019, when Plaintiff was issued a response that he was "seen, added to dentist list" [*Id*. p. 5].

## II. SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C.

---

[1] Typically, an amended complaint supersedes the original complaint and becomes the operative pleading. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Out of an abundance of caution, however, the Court also considers in this screening the individualized allegations Plaintiff made in the amended complaint he filed prior to the severance of the multi-plaintiff lawsuit [*See* Doc. 7].

§§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. DISCUSSION

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Under this standard, a State actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

First, the Court finds that Plaintiff has failed to allege facts involving any individual Defendant. Therefore, Plaintiff there are no facts before the Court that would allow it to infer

that any individual Defendant was personally involved in any alleged § 1983 violation. *See West v. Atkins*, 487 U.S. 42, 50 (1982) (holding each defendant can only be held liable for his own actions or failure to act while exercising his responsibilities under the law); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Therefore, Plaintiff has failed to state a § 1983 claim upon which relief may be granted against any individually-named Defendant, and the individual Defendants will be **DISMISSED**.

Second, the State of Tennessee should be dismissed from this action, as it is not subject to suit. The Eleventh Amendment to the United States Constitution bars Plaintiff's claims for damages against the State of Tennessee, regardless of the nature of the relief sought. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, Plaintiff has failed to state a claim against the State of Tennessee, and it will be **DISMISSED**.

Finally, Plaintiff maintains that Anderson County, Tennessee, and ACDF's contract medical provider, Southern Health Partners, are responsible for the harm alleged in the instant complaint. For either of these entities to be responsible for the violations alleged, Plaintiff must identify a policy or custom that caused his injuries. *See Monell v. Dep't of Soc. Servs. of*

4

*New York*, 436 U.S. 658, 690-91 (1978) (holding local governments can be sued under § 1983 for constitutional deprivations made pursuant to custom or policy); *Miller v. Sanilac*, 606 F.3d 240, 254-55 (6th Cir. 2010) (holding plaintiff must show that policy or custom of company was "moving force" behind the alleged deprivation of rights to prevail in § 1983 action). The Supreme Court has held:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bd. of County Commr's v. Brown*, 520 U.S. 397, 403-04 (1997) (citation and internal citation omitted). Liberally construing Plaintiff's complaint, the Court finds Plaintiff's allegation that he repeatedly sought dental care and was denied is sufficient at this stage to state a plausible claim that Anderson County (as the entity that operates the ACDF) and Southern Health Partners have a custom or policy of not timely or adequately providing dental care to the inmates in their care. Accordingly, this case will **PROCEED** as to Defendants Anderson County, Tennessee, and Southern Health Partners.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's claim that Anderson County, Tennessee, and Southern Health Partners denied him timely and adequate medical and/or dental treatment shall **PROCEED**;

2. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Anderson County and Southern Health Partners;

5

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

6. Defendants State of Tennessee, Nurse Matthews, Deputy Allen, Sheriff Barker, Corporal Roberts, Sgt. Hartsfield, Chief Parker, Nurse Lawson, Lt. Fenton, and Captain Vowell are **DISMISSED**; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE