UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES D. DUNCAN,          )<br>                              )<br>         Plaintiff,           )<br>                              )<br> v.                           )   No.:  3:20-CV-8-TAV-HBG<br>                              )<br> ANDERSON COUNTY, TN, and     )<br> SOUTHERN HEALTH PARTNERS,    )<br>                              )<br>         Defendants.          ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion for summary judgment in this pro se prisoner's civil rights complaint for violation of 42 U.S.C. § 1983 [Doc. 110]. Each Defendant has filed a response in opposition to the motion [Docs. 111, 112]. Upon consideration of the parties' pleadings, the record before the Court, and the applicable law, the Court finds the Plaintiff's motion [Doc. 110] should be **DENIED**.

### I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts that his motion for summary judgment is solely related to the "particularity of the Grievance procedure and the requirements . . . that are set into place at the Anderson Cnty, TN Detention facility. . . ." [Doc. 110]. Plaintiff maintains that the inmate handbook provided by Defendant Anderson County in discovery was certified as the "only rules involving exhaustion" with which inmates must comply to exhaust the grievance process [*Id.*].

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). Accordingly, summary judgment is appropriate only when a rational trier of fact could not properly find for the nonmoving party. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (citation and internal quotation marks omitted).

## III. ANALYSIS

In the instant motion, Plaintiff appears to seek a ruling from the Court that he exhausted his administrative remedies by complying with the grievance procedures in the Anderson County Detention Facility's Inmate Handbook. However, he has failed to submit any proof from which the Court could make such a ruling in his favor. Further, Defendant Anderson County disputes that the Inmate Handbook was certified as the only rules involving administrative exhaustion. Therefore, Plaintiff's motion will be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, liberally construing the facts in favor of Defendants, the Court finds that a genuine issue of material fact exists as to whether the Inmate Handbook contains the only rules related to the administrative exhaustion procedures of the Anderson County Detention Facility. Accordingly, Plaintiff's motion for summary judgment [Doc. 110] is **DENIED**.

Plaintiff is reminded to immediately inform the Court and Defendants, or their counsel of record, of any change of address in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE